J-A03012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL R. GREENBERG, M.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BARBARA M. BUCKLEY | |
| Appellee | No. 668 MDA 2016 |

Appeal from the Judgment Entered March 28, 2016
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2015-2372

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

DISSENTING MEMORANDUM BY LAZARUS, J.:     **FILED AUGUST 08, 2017**

I respectfully dissent from the learned Majority's decision.  I do not believe that under these circumstances judicial immunity protects Buckley from liability arising from her statements to the Board of Medicine.

In holding that Buckley's statements were subject to judicial privilege, the majority cited to "quasi-judicial immunity," which it believes applies to statements made by witnesses to a Board of Medicine Investigator. ***Greenberg v. McGraw***, 2017 WL 1788356 *3 (Pa. Super. Filed May 5, 2017) (judicial privilege is applicable to communications made prior to institution of proceedings if such communications were pertinent and material and had been issued in regular course of preparing for contemplated proceedings).  Statements made in pleadings and the regular course of judicial proceedings are absolutely privileged.  ***Pollina v.***

***Dishong***, 98 A.3d 613, 618 (Pa. Super. 2014). Here, however, Buckley made statements to an investigator from the Board of Medicine, allegedly with the hope of maliciously initiating a proceeding to harass Dr. Greenberg. Thus, the statements were not part of a judicial proceeding and are not accorded absolute privilege on this basis. ***Id.***

Moreover, I do not believe that the investigation is a "quasi-judicial proceeding" to which privilege would apply. ***Id.*** at 622 (quasi-judicial immunity extends to witnesses testifying **at adjudicatory hearing**). In determining whether an individual is entitled to quasi-judicial immunity, we must first examine the nature of the actions complained of to ascertain whether they were performed within the quasi-judicial adjudicatory function. ***Id.*** at 621. "The fact that an administrative agency performs certain adjudicatory functions will not justify the extension of quasi-judicial immunity to non-adjudicatory function of the same agency." ***Id.*** Here, there is a clear distinction between the adjudicatory and investigative functions of the Board of Medicine, and I would decline to extend quasi-judicial immunity to preliminary statements proffered to the investigative arm of the Board of Medicine. ***Pollina***, ***supra***.

Moreover, I note that the statute governing reports to the Board contains the following: "Any person or facility who reports pursuant to this section in **good faith and without malice** shall be immune from any civil or criminal liability arising from such report." 63 P.S. § 422.4(f) (emphasis added). Thus, this statement implies that if reports to the Board of Medicine

are made in bad faith, a remedy may be available. I see nothing therein that precludes recovery in a defamation action under this circumstance.[1]

Accordingly, I disagree with majority's affirmation of the trial court in sustaining Buckley's preliminary objections in the nature of a demurrer as to Dr. Greenberg's defamation cause of action.

---

[1] I acknowledge that the confidentiality provisions that apply to the complaint and investigation process when a complainant makes a statement regarding a medical doctor to the Board of Medicine may constitute a basis for absolute privilege of statements made to investigators. *See* 40 P.S. § 1303.907(a); 49 Pa.Code § 16.55(c). These provisions provide for privilege, but I do not read them to provide, unequivocally, an absolute privilege. Significantly, both of the above provisions indicate that the Board can give written consent to disclose information provided during the investigation process. ***Bilt-Rite Contractors, Inc. v. The Architectural Studio***, 866 A.2d 270 (Pa. 2005). However, nothing in this Dissent shall be construed as diminishing the protections provided for whistleblowers in the Pennsylvania Whistleblower Law, 43 P.S. §§ 1421-1428. ***See*** 43 P.S. § 1423(c) ("An appropriate authority to which a violation of this act was reported may not disclose the identity of a whistleblower without the whistleblower's consent unless disclosure is unavoidable in the investigation of the alleged violation."); 43 P.S. § 1423(a) ("No employer may discharge, threaten or otherwise discriminate or retaliate against an employee . . . because the employee . . . makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste . . . as defined in this act.").